# UNITED STATES BANKRUPTCY COURT

# FOR THE EASTERN DISTRICT OF VIRGINIA

# ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **WAHID M. AZIMI** | ) | Case No. 18-10499-KHK |
| | ) | |
| *Debtor-in-possession* | ) | Chapter 11 |
| | ) | |

## PLAN OF REORGANIZATION

The debtor, WAHID AZIMI, submits the following plan of reorganization:

### ARTICLE I

*Definitions*

For purposes of this Plan and the accompanying Disclosure Statement, the definitions set forth in this Article shall apply and, unless otherwise indicated, the singular shall include the plural.

**Section 1.01.** *Administrative Bar Date*. The 90-day following the Effective Date of the Plan.

**Section 1.02.** *Administrative Claim*. Any cost or expense of administration of the Case allowed under §503(B) of the Bankruptcy Code, other than a Professional Claim, proof of which is timely filed by the Administrative Bar Date, and any fees and charges assessed against the estate under 28 U.S.C.§1930.

**Section 1.03.** *Allowed Administrative Priority Claim*. An allowed claim under Bankruptcy Code §503(b) that is entitled to priority under Bankruptcy Code §507 (a)(1).

**Section 1.04.** *Allowed Claim*. Either

    (a) A Claim which is listed in the schedules filed by the Debtor (as they may be

amended from time to time) and which is not scheduled as disputed, contingent or unliquidated and as to which no proof of Claim has been filed;

(b) a Claim as to which a timely proof of Claim has been filed and as to which proof of Claim no objection has been made within the time allowed for the making of objections or, if an objection has been made, the Claim has been allowed by a Final Order; or

(c) a Claim which has been settled by agreement with the holder of the Claim and allowed by a Final Order.

**Section 1.05**. *Allowed Priority Claim*. That portion of an Allowed Claim entitled to priority under Bankruptcy Code Section 507 which is not an Allowed Administrative Priority Claim or Allowed Priority Tax Claim.

**Section 1.06**. *Allowed Priority Tax Claim*. That portion of Allowed Claim entitled to priority under §507 (a)(7) of the Bankruptcy Code.

**Section 1.07**. *Allowed Secured Claim*. Either

(a) that portion of an Allowed Claim to the extent it is equal to the value of the holder's perfected security interest in the Debtor's property securing such Allowed Claim or

(b) An Allowed Claim for which a valid election is made pursuant to §1111(b) of the Bankruptcy Code to have all of it treated as secured.

**Section 1.08.** *Allowed Unsecured Claim*. Any Allowed Claim which is not an Allowed Priority Claim, Allowed Priority Tax Claim, Allowed Administrative Priority Claim, or an Allowed Secured Claim.

**Section 1.09**. *Assets*. All of the property in each of the Debtors' estates, within the meaning of §541 of the Bankruptcy Code.

**Section 1.10**. *Avoidance Action*. Any action or claim that could be brought by the debtor

pursuant to Subchapter III of Chapter 5 of the Bankruptcy Code, including one to avoid a trans-

fer of property of the debtor's estate or an interest of the debtor in property.

**Section 1.11**. *Bankruptcy Code*. The Bankruptcy Reform Act of 1978, 11 U.S.C. §101 et

seq., as amended, including any future amendments.

**Section 1.12**. *Bankruptcy Court*. The United States Bankruptcy Court for the Eastern

District of Virginia, Alexandria Division, the court in which this Reorganization Case was filed

and is pending, the United States District Court for the Eastern District of Virginia, to the extent it

may lawfully exercise Jurisdiction over the Reorganization Case, and any court having compe-

tent jurisdiction to hear appeals or certiorari proceedings therefrom.

**Section 1.13**. *Bankruptcy Rules*. The Federal Rules of Bankruptcy Procedure promul-

gated pursuant to 28 U.S.C. §2075, as amended from time to time, together with the Local Rules

for the Bankruptcy Court, as no in effect or hereinafter amended.

**Section 1.14**. *Bar Date*. The date established by the Bankruptcy Court by which all proofs

of claim must be filed in this case.

**Section 1.15**. *Business Day.* Any day other than a Saturday, Sunday or any other legal

holiday as defined in Bankruptcy Rule 9006(a).

**Section 1.16**. *Claim*. A claim against a Debtor as defined in §101(4) of the Bankruptcy

Code, whether arising before or after the entry of the order for relief, i.e.,

(a) a right to payment, whether or not such right is reduced to judgment, liquidated,

unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

secured, or unsecured; or

(b) a right to an equitable remedy for breach of performance if such breach gives rise to a

right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed,

contingent, matured, unmatured, disputed, undisputed, secured or unsecured. Interest accrued after

the Filing Date shall not be part of any Claim except with respect to an Allowed Secured Claim to

the extent permitted by the provisions of §506 of the Bankruptcy Code.

**Section 1.17**. *Class*. A class of Claims under the Plan.

**Section 1.18**. *Committee*. The formal Committee of Unsecured Creditors, if any, appointed by the Office of the U. S. Trustee on, as it shall be constituted from time to time, and its authorized representatives.

**Section 1.19**. *Confirmation Date*. The date upon which the Confirmation Order is entered.

**Section 1.20**. *Confirmation Order*. The order of the Bankruptcy Court confirming this Plan.

**Section 1.21**. *Creditor*. A holder of a Claim against a Debtor.

**Section 1.22.** *Debtor*. WAHID AZIMI.

**Section 1.23**. *Disclosure Statement*. The statement filed by the debtor in connection with this Plan and pursuant to §1125 of the Bankruptcy Code.

**Section 1.24**. *Disputed Claim*. Either

(a) a Claim which is listed in a Debtor's schedules (as they may be amended from time to time) as disputed, unliquidated or contingent;

(b) a Claim to which an objection has been interposed, unless and until such Claim becomes an Allowed Claim; or in the event of an amendment to a Debtor's schedules, the amount by which the Claim as previously scheduled exceeds the Claim as amended.

**Section 1.25**. *Distribution Account*. The interest-bearing account or accounts which will be established for the Reorganization Case at a federally insured depository on the Effective Date of the Plan, into which all of the Debtor's required payments shall be deposited, and from which distributions shall be made in accordance with the Reorganization Plan.

**Section 1.26**. *Distribution Agent*. The debtor.

**Section 1.27.** *Effective Date*. The first (1st) business day after the date on which the Con-

firmation Order becomes a Final Order.

**Section 1.28**. *Estate*. The estate created in this Case pursuant to §541 of the Bankruptcy Code.

**Section 1.29.** *Executory Contracts*. All contracts and leases to which the Debtor was a party on the Petition Date and which are executory or unexpired within the meaning of §365 of the Bankruptcy Code.

**Section 1.30.** *Final Distribution*. The last distribution to be made from the Distribution Account after all payments of the Debtor which are required to be made are made, deposited into the Distribution Account and all Disputed Claims have been resolved by a Final Order.

**Section 1.31**. *Final Order*. An order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified or amended and as to which the time to appeal or to seek certiorari or other review has expired and as to which no appeal or petition for certiorari or review is pending or as to which any right to appeal or to seek certiorari or review has been waived.

**Section 1.32**. *Interest*. An ownership interest of the debtor in one or more of the assets of the estate.

**Section 1.33**. *Person*. An individual, corporation, partnership, joint venture, trust, estate, unincorporated association or organization, a governmental entity, any agency, or political sub-division thereof, or any other entity.

**Section 1.34**. *Plan*. This plan of reorganization, either in its present form or as it may be altered, modified or amended, from time to time.

**Section 1.35**. *Plan Distribution Dates.* As follows:

(a) as to the Unclassified Claims,

(i) for priority tax claims, the first (1st) day of the month following the Effective Date of the Plan and the first (1st) day of each month thereafter for a total of Forty-eight (48) payments.

(ii) for other unclassified claims, the Effective Date of the Plan, or such other date as may be agreed upon by the debtors and the holder of the respective claim; and

(b) as to the Class 12 and 13 the date set forth in the loan documents; and

(c) as to Class 1, 5 and 9, the first day of the month following the Effective Date of the Plan and the first day of each month thereafter for a total of Eighty-four (84) payments; and

(d) as to Class 2, 3, 4, 6, 7, 8, 10 and 11, the first day of the month following the Effective Date of the Plan and the first day of each month thereafter for a total of Three Hundred Sixty (360) payments

except as modified herein; and

(e) as to the Class 14, the first day of Thirteenth month following the Effective Date and the same day of the next Ten (10) years.

**Section 1.36**. *Professional*. Any attorney, accountant, appraiser, consultant or other professional retained under an order of the Court on behalf of the Debtor or the Committee.

**Section 1.37**. *Professional Claim*. Any Claim under §503(b)(2) or (b)(4) of the Bankruptcy Code for compensation or reimbursement of a Professional, which arises at any time prior to the Confirmation Date.

**Section 1.38**. *Reorganization Case*. The Chapter 11 proceedings of WAHID AZIMI, which is pending in the United States Bankruptcy Court for the Eastern District of Virginia as Case No. 18-10499-KHK.

**Section 1.39.** *Schedules*. The schedules of assets and liabilities and the statement of financial affairs filed by the debtor as required by §521 of the Code, as amended, modified or supplanted from time to time.

ARTICLE II

*Designation and Treatment of Unclassified Claims*

**Section 2.01**. *Administrative Claims*. Holders of Administrative Claims shall file a proof of Administrative Claim on or before the Administrative Bar Date or their Administrative Claim shall be disallowed in their entirety. Allowed Administrative Claims shall be paid in full, without interest, on the later of the Effective Date or the date they are allowed by the Court, unless other payment arrangements are made between the Holder and the debtor. Administrative liabilities to the Internal Revenue Service, if any, shall be paid in the normal course of business, in full, with interest pursuant to 26 U.S.C., Sections 6621 and 6622 and penalties, if any. Notwithstanding any provision of the Plan, there shall be no requirement that the Internal Revenue Service file any request for payment of Administrative Expenses, nor any deadline for the filing of such requests. Nor shall the failure to pay such liabilities result in a discharge, injunction, exculpation, release or in any other manner defeat the United States' right or ability to collect such liability pursuant to the requirements of Title 26. The tax liabilities of debtor to the Internal Revenue

Service for any tax year or period which ends after the petition date shall constitute a post- petition liability to be paid in the normal course of business and shall not be subject to the terms of this Plan including the discharge/release provisions thereto

**Section 2.02**. *Professional Claims*. Holders of Professional Claims shall file applications for approval and payment of Professional Claims pursuant to §330 of the Bankruptcy Code. Objections to any such applications shall be filed in accordance to the applicable rules of court. Professional Claims (interim and final) shall be paid in full, from the Estate, within ten (10) days after the Court allows them, unless other payment arrangements are made between the Holder and the debtor.

**Section 2.03**. *Allowed Priority Tax Claims*. All Allowed Priority Tax claims, except that of the Internal Revenue Service, shall be paid in full by amortizing the Allowed Claims, with interest as provided by law, over Sixty (60) months. The unsecured priority claim of the Internal

Revenue Service is allowed in full as filed on its proof of claim and shall be paid in equal monthly

payments within 5 years of the Order of Relief, with interest from the Confirmation Date at the

rate of 4 percent pursuant to 26 U.S.C., Sections 6621 and 6622.

Section 2.04. *Quarterly Fees*. All quarterly fees owed pursuant to 28 USC §1930 shall be

paid in full, with interest, from the Estate on or before the Effective Date, and each quarter thereafter

as they come due until a final decree is entered in the Case.

ARTICLE III

*Classification and Treatment of Other Claims And Interests*

Section 3.01. *Class-1–Secured Claim of Shellpoint Mortgage Services* ("Shellpoint").

Shellpoint is the holder of a promissory note in the original principal sum of $310,000 with an

outstanding balance as of October 25, 2018, of $263,328.58 secured by a first deed of trust on the

real property located at 13862 Greendale Drive, Woodbridge, Prince William, Virginia

("Greendale"). The Debtor will retain the Property and the allowed secured claim will paid by

amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The

monthly payment will be approximately $1,145 for 7 years and thereafter at a rate of Three percent

(3%). If not sooner paid, any remaining balance shall be due in full ten (10) years from the Effective

Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and

effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall

retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents

This claim is impaired. This claim is fully secured. The debtor believes that this debt is

current.

**Section 3.02**. *Class-2–Secured Claim of Ocwen Loan Servicing* ("Ocwen"). Ocwen is the

holder of a promissory note in the original principal sum of $222,207 with an outstanding balance as of October 17, 2018 of $171,050.80 secured by a first deed of trust on the real property located at 4124 Glendale Road, Woodbridge, Prince William, Virginia ("Glendale").

The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 40 years with interest at the rate of (4.21%). The monthly payment will be approximately $1,103.84 for 40 years. If not sooner paid, any remaining balance, including any deferred amount, shall be due in full ten (10) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents. This claim is fully secured.

This class is impaired.

**Section 3.03**. *Class-3–Secured Claim of Wells Fargo Bank N.A.* ("Wells"). Wells is the holder of a promissory note in the original principal sum of $225,000 with an outstanding balance as of November 21, 2018 of $200,561.78 secured by a first deed of trust on the real property located at 830 Belmont Bay Dr. Unit 204, Woodbridge, Prince William County, Virginia ("Belmont"). The claim is fully secured.

The Debtor will retain Belmont and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Four and one-half percent (4.50%). The monthly payment will be approximately $1,140.04. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Wells alleges that the debtor is delinquent in payments in the sum of $7604. The debtor disputes this amount. If the parties are unable to agree to such an amount, then the debtor will seek a

court determination of any arrearage and it shall be cured over a 60-month period.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.04**. *Class-4-Secured Claim of Select Portfolio Servicing* ("SPS"). SPS is the holder of a promissory note in the original principal sum of $400,000 with an outstanding balance as of October 15, 2018, of $353,189.23 secured by a first deed of trust on the real property located at 3649 Stonewall Manor Drive, Triangle, Prince William County, Virginia ("Stonewall"). The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Four percent (4%). The monthly payment will be approximately $1,924. If not sooner paid, any remaining balance shall be due in full 30 years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.05**. *Class-5-Secured Claim of Ocwen Loan Servicing* ("Ocwen"). Ocwen is the holder of a promissory note in the original principal sum of $180,000 with an outstanding balance as of October 17, 2018, of $177,060.34 secured by a first deed of trust on the real property located at 1530 Lincoln Way, Unit 302, McLean, Fairfax County, Virginia ("Lincoln").

The Debtor will retain the Property and the allowed secured claim will paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $665 for 7 years and thereafter at a rate of Three percent (3%). If not sooner paid, any remaining balance shall be due in full ten (10) years from the Effective Date

of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents. Any arrearage shall be due in full upon the date of the principal amount, or the debtor may seek a valuation of the secured claim and any unsecured claim to be paid as with other unsecured claims.

This claim is impaired.

**Section 3.06**. *Class-6--Secured Claim of Mr. Copper* ("MC"). MC is the holder of a promissory note in the original principal sum of $623,843.88 with an outstanding balance as of October 18, 2018, of $591,549.90 secured by a first deed of trust on the real property located at 9055 Galvin Lane, Lorton, Fairfax County, Virginia ("Galvin").

The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $2,305 for 30 years. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

MC alleges that the debtor is delinquent in payments in the sum of $9,223. The debtor disputes this amount. If the parties are unable to agree to such an amount, then the debtor will seek a court determination of any arrearage and it shall be cured over a 60-month period. This class is impaired.

**Section 3.07.** *Class-7--Secured Claim of Mr. Copper* ("MC"). MC is the holder of a

promissory note in the original principal sum of $ 92,398 with an outstanding balance as of October 18, 2018, of $87,419.43 secured by a first deed of trust on the real property located at 5505 Seminary Road, Unit 309N, Falls Church, Fairfax County, Virginia ("Seminary").

The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $341. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.08**. *Class-8-Secured Claim of Wells Fargo Bank N.A.* ("Wells"). Wells is the holder of a promissory note in the original principal sum of $504,000 with an outstanding balance as of November 16, 2018 of $454,404.37 secured by a first deed of trust on the real property located at 8553 Barrow Furnace Lane, Lorton, Fairfax County, Virginia ("Barrow"). The claim is fully secured.

The Debtor will retain Barrow and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Four and one-half percent (4.50%). The monthly payment will be approximately $2,553. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.09.** *Class-9–Secured Claim of DiTech Home Loans* ("DiTech"). DiTech is the holder of a promissory note in the original principal sum of $180,000 with an outstanding balance as of October 27, 2018, of $86,347 secured by a first deed of trust on the real property located at 7014 Calamo Street, Springfield, Fairfax County, Virginia ("Calamo").

The Debtor will retain Calamo and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two (2%). The monthly payment will be approximately $319 for 7 years and thereafter at a rate of Three percent (3%). If not sooner paid, any remaining balance shall be due in full ten (10) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired

**Section 3.10**. *Class-10–Secured Claim of Mr. Copper* ("MC"). MC is the holder of a promissory note in the original principal sum of $250,922.54 with an outstanding balance as of October 17, 2018, of $236,436.15 secured by a first deed of trust on the real property located at 12000 Market Street, Suite 377, Reston, Fairfax County, Virginia ("Market").

The Debtor will retain the Property and the allowed secured claim will paid by amortizing the secured amount over 30 years with interest at the rate of Two (2%). The monthly payment will be approximately $927 for 30 years. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.11**. *Class-11-Secured Claim of Ocwen Loan Servicing LLC* ("Ocwen"). Ocwen

is the holder of a promissory note in the original principal sum of $98,029 with an outstanding

balance as of October 17, 2018, of $96,956.44 secured by a first deed of trust on the real property

located at 7813 Enola Street, Unit 107, McLean, Fairfax County, Virginia ("Enola").

The Debtor will retain Enola and the allowed secured claim will paid by amortizing the secured

amount over 40 years with interest at the rate of Four and one percent (4.10%). The monthly payment

will be approximately $415.82 for 40 years. If not sooner paid, any remaining balance shall be due

in full Twenty-five (25) years from the Effective Date of the order confirming the plan of

reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect.

Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all of

the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.12.** *Class 12–Secured Claim of Mr. Cooper* ("MC"). MC is the holder of a

promissory note in the original principal sum of $299,500 with an outstanding balance as of

Octber, 18, 2018 of $185,007.11 secured by a **first deed** of trust on the Debtor's residence located

at 13901 Hydrangea Court, Woodbridge Virginia (the "Residence"). The Debtor will retain the

Residence and continue to pay the monthly payments as they become due. The Debtor is current

on this obligation.

Until this Creditor has been paid the full amount of its Allowed Secured Claim, it

shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan

documents.

MC alleges that the debtor is delinquent in payments in the sum of $6,126. The debtor disputes

this amount. If the parties are unable to agree to such an amount, then the debtor will seek a court determination of any arrearage and it shall be cured over a 60-month period.

This class is not impaired.

**Section 3.13**. *Class- 13–Secured Claim of Bank of America* ("BA"). BA is the holder of a promissory note in the original principal sum of $242,000 with an outstanding balance as of May 31, 2018 of $287,409.22 secured by a **second deed** of trust on the Debtor's residence located at 13901 Hydrangea Court, Woodbridge Virginia (the "Residence"). The Debtor will retain the Residence and resume the monthly payments as they become due. The Debtor is delinquent on this obligation and the arrearages of $45,409.77 are part of the outstanding balance.

The debtor will pay interest only payment on $242,000 at the rate of 2% (Two Percent) for 7 years and thereafter at 3% (three percent) for 3 years.  Any amount of arrearage is differed and shall be balloon in 15 years.  If not sooner paid, any remaining balance shall be due in full fifteen (15) years from the Effective Date of the order confirming the plan of reorganization. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is not impaired.

**Section 3.14**. *Class 14- Allowed Unsecured Claims*

The following Creditors have general unsecured Claims in this case, in the following amounts totaling $57,578.

| | |
|---|---|
| Discover Bank (Scheduled and proof of claim) | $42 |
| Branch Banking & Trust Co. (Proof of claim) | $71 |
| Pentagon FCU (Scheduled and proof of claim) | $413 |
| Chase Bank (Scheduled and proof of claim) | $495 |
| Chase Bank (Scheduled and proof of claim) | $796 |
| Merrick Bank | $3,180 |
| ASC (Under secured claim) | $2,101 |
| Wells Fargo (Under secured claim) | $17,686 |
| ASC (Under secured claim) | $2,493 |
| Ocwen (Under secured claim) | $4,912 |

| | |
|---|---|
| BAC Home Loans Svc LP (Under secured claim) | $3,123 |
| BAC Home Loans Svc LP (Under secured claim) | $183 |
| BAC Home Loans Svc LP (Under secured claim) | $5,284 |
| Chase Mortgage (Under secured claim) | $7,482 |
| BB & T Co. (Under secured claim) | $4,539 |
| INOVA | $2,317 |
| AMCB | $1,208 |
| NCC- for Fairfax Radiological Consul PC | $302 |
| Virginia Hospital Center | $652 |
| American Anesthesiology 11 | $299 |
| TrueGreen | $95 |

The Debtor will pay all Allowed Unsecured Claims in this class as follows. The Debtor will pay the Allowed Unsecured Claims of these Creditors Seven and one-half percent (7.5%) of the amount of each such claim in Ten (10) annual installments of Three quarters of one percent (0.75%). The first such payment shall be due on the first day of the 13th month following the entry of the order confirming the Plan and annually thereafter.

This class is impaired.

**Section 3.15.** *Class 15–Allowed Interests.* The Allowed Interests of the Debtor shall be satisfied by the reversion from the estate of all property of the Estate that is not sold under this plan. This class is impaired and is conclusively presumed to have rejected the Plan under § 1126(g) of the Code.

ARTICLE IV

*Disputed Claims*

If a negotiated resolution cannot be reached with respect to any Disputed Claim prior to the Effective Date, the holder of the Claim, the Debtor may have the Disputed Claim estimated by the Bankruptcy Court for the purpose of Allowance under §502(c) of the Code or the Distri- bution Agent shall reserve sufficient funds to cover fully the pro rata distribution that the holder of the Disputed Claim would receive if it were allowed in full. If, and to the extent, a Disputed Claim subsequently becomes an Allowed Claim, the appropriate pro rata distribution shall be made from

the reserve to the holder of such Claim as part of the next regular distribution to the holders of the

Allowed Unsecured Claims. If a Disputed Claim is subsequently disallowed or allowed in part, the

funds reserved shall be returned to the Debtor. No distributions shall be made on a Disputed Claim

until it becomes an Allowed Claim.

ARTICLE V

*Distribution Agent*

The Debtor shall act as the Distribution Agent.

ARTICLE VI

*Implementation of Plan*

The Debtor shall pay to the Distribution Agent sufficient funds at least three (3) days prior

to each distribution date. All property of the estate shall revert to the debtor upon confirma- tion

of the plan.

ARTICLE VII

*Discharge of all Claims*

The rights afforded in this Plan shall be in exchange for and in complete satisfaction,

discharge and release of all manner of actions, causes of action, suits, proceedings, debts, dues,

contracts, judgments, damages, costs, Claims, and demands of any kind, whether in law, equity,

or mixed (collectively "Actions") existing on the Effective Date, whether known or unknown,

against the Debtor and the Debtor's estates, or any one of them, by reason of any action, failure to

act, cause, or thing whatsoever occurring on or prior to the Effective Date. All creditors and other

parties in interest of the Debtor shall be a judicial determination of discharge of all other Claims

against the Debtor, except as provided in this plan. Confirmation of the plan does not discharge

any debt provided for in the Plan until the Court grants a discharge on completion of all payments

under the Plan, or as otherwise provided in §1141(d)(5) of the Code. Notwithstanding anything to

the contrary contained in the Plan or the Confirmation Order, the Debtor shall not be discharged

from any obligation to the United States of America that is otherwise non-dischargeable pursuant to relevant Title 11, and non-Title 11 statutes. The Debtors agree that the priority tax claims set forth on the proof of claim filed by the Internal Revenue Service are non-dischargeable in this proceeding.

## ARTICLE VIII

### *Reservation of Rights in the Event of Rejection of Plan*

In the event that any impaired Class Allowed Claims does not accept this Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Debtor will request that the Bankruptcy Court confirm this Plan in accordance with the cram-down provisions of § 1129(b) of the Bankruptcy Code.

## ARTICLE IX

### *Retention of Jurisdiction*

The Bankruptcy Court shall retain jurisdiction of these case, for the following purposes:

(a)   To determine any objections to the allowance of Claims, any controversy as to the classification of Claims or any controversy regarding the subordination of any Claim;

(b)   To determine and fix all Claims arising from the rejection of any executory contracts or leases;

(c) To determine and fix all costs and expenses of administration of the Reorganization Cases, including fees of professional persons;

(d)    To hear and determine any pending applications or adversary proceedings or contested matters, including proceedings, to recover preferences and fraudulent conveyances;

(e) To liquidate any Disputed Claims;

## ARTICLE III

### ***Classification and Treatment of Other Claims And Interests***

**Section 3.01.** *Class-1-Secured Claim of Shellpoint Mortgage Services* ("Shellpoint").

Shellpoint is the holder of a promissory note in the original principal sum of $310,000 with

an outstanding balance as of October 25, 2018, of $263,328.58 secured by a first deed of trust

on the real property located at 13862 Greendale Drive, Woodbridge, Prince William, Virginia

("Greendale").  The Debtor will retain the Property and the allowed secured claim will paid

by amortizing the secured amount over 30 years with interest at the rate of Two percent

(2%). The monthly payment will be approximately $1,145 for 7 years and thereafter at a rate

of Three percent (3%). If not sooner paid, any remaining balance shall be due in full ten (10)

years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and

effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall

retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents

This claim is impaired. This claim is fully secured. The debtor believes that this debt

is current.

**Section 3.02**. *Class-2-Secured Claim of Ocwen Loan Servicing* ("Ocwen"). Ocwen is the

holder of a promissory note in the original principal sum of $222,207 with an outstanding

balance as of October 17, 2018 of $171,050.80 secured by a first deed of trust on the real

property located at 4124 Glendale Road, Woodbridge, Prince William, Virginia ("Glendale").

The Debtor will retain the Property and the allowed secured claim will be paid by

amortizing the secured amount over 40 years with interest at the rate of (4.21%). The

monthly payment will be approximately $737 for 40 years. If not sooner paid, any

remaining balance, including any deferred amount, shall be due in full ten (10) years from

the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and

effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall

retain all of the liens securing its Allowed Claim pursuant to the underlying loan

documents. This claim is fully secured.

This class is impaired.

**Section 3.03**. *Class-3-Secured Claim of Wells Fargo Bank N.A.* ("Wells"). Wells is the

holder of a promissory note in the original principal sum of $225,000 with an outstanding

balance as of November 21, 2018 of $200,561.78 secured by a first deed of trust on the real

property located at 830 Belmont Bay Dr. Unit 204, Woodbridge, Prince William County,

Virginia ("Belmont"). The claim is fully secured.

The Debtor will retain Belmont and the allowed secured claim will be paid by amortizing

the secured amount over 30 years with interest at the rate of Four and one-half percent

(4.50%). The monthly payment will be approximately $1,140.04. If not sooner paid, any

remaining balance shall be due in full thirty (30) years from the Effective Date of the order

confirming the plan of reorganization.

Wells alleges that the debtor is delinquent in payments in the sum of $7604. The debtor

disputes this amount. If the parties are unable to agree to such an amount, then the debtor will

seek a court determination of any arrearage and it shall be cured over a 60-month period.

Except as modified herein, the original loan documents shall remain in full force and

effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall

retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.04**. *Class-4-Secured Claim of Select Portfolio Servicing* ("SPS"). SPS is the

holder of a promissory note in the original principal sum of $400,000 with an outstanding

balance as of October 15, 2018, of $353,189.23 secured by a first deed of trust on the real

property located at 3649 Stonewall Manor Drive, Triangle, Prince William County, Virginia ("Stonewall"). The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Four percent (4%). The monthly payment will be approximately $1,924. If not sooner paid, any remaining balance shall be due in full 30 years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.05**. *Class-5-Secured Claim of Ocwen Loan Servicing* ("Ocwen"). Ocwen is the holder of a promissory note in the original principal sum of $180,000 with an outstanding balance as of October 17, 2018, of $177,060.34 secured by a first deed of trust on the real property located at 1530 Lincoln Way, Unit 302, McLean, Fairfax County, Virginia ("Lincoln").

The Debtor will retain the Property and the allowed secured claim will paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $665 for 7 years and thereafter at a rate of Three percent (3%). If not sooner paid, any remaining balance shall be due in full ten (10) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents. Any arrearage shall be due in full upon the date of the principal amount, or the debtor may seek a valuation of the secured claim and any unsecured claim to be paid as with other

unsecured claims.

This claim is impaired.

**Section 3.06**. *Class-6--Secured Claim of Mr. Copper* ("MC"). MC is the holder of a promissory note in the original principal sum of $623,843.88 with an outstanding balance as of October 18, 2018, of $591,549.90 secured by a first deed of trust on the real property located at 9055 Galvin Lane, Lorton, Fairfax County, Virginia ("Galvin").

The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $2,305 for 30 years. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

MC alleges that the debtor is delinquent in payments in the sum of $9,223. The debtor disputes this amount. If the parties are unable to agree to such an amount, then the debtor will seek a court determination of any arrearage and it shall be cured over a 60-month period. This class is impaired.

**Section 3.07.** *Class-7-Secured Claim of Mr. Copper* ("MC"). MC is the holder of a promissory note in the original principal sum of $ 92,398 with an outstanding balance as of October 18, 2018, of $87,419.43 secured by a first deed of trust on the real property located at 5505 Seminary Road, Unit 309N, Falls Church, Fairfax County, Virginia ("Seminary").

The Debtor will retain the Property and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two percent (2%). The monthly payment will be approximately $341. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.08**. *Class-8-Secured Claim of Wells Fargo Bank N.A.* ("Wells"). Wells is the holder of a promissory note in the original principal sum of $504,000 with an outstanding balance as of November 16, 2018 of $454,404.37 secured by a first deed of trust on the real property located at 8553 Barrow Furnace Lane, Lorton, Fairfax County, Virginia ("Barrow"). The claim is fully secured.

The Debtor will retain Barrow and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Four and one-half percent (4.50%). The monthly payment will be approximately $2,553. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.09.** *Class-9-Secured Claim of DiTech Home Loans* ("DiTech"). DiTech is the holder of a promissory note in the original principal sum of $180,000 with an outstanding balance as of October 27, 2018, of $86,347 secured by a first deed of trust on the real property located at 7014 Calamo Street, Springfield, Fairfax County, Virginia ("Calamo").

The Debtor will retain Calamo and the allowed secured claim will be paid by amortizing the secured amount over 30 years with interest at the rate of Two (2%). The monthly payment will be approximately $319 for 7 years and thereafter at a rate of Three percent (3%). If not sooner paid, any remaining balance shall be due in full ten (10) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired

**Section 3.10**. *Class-10-Secured Claim of Mr. Copper* ("MC"). MC is the holder of a promissory note in the original principal sum of $250,922.54 with an outstanding balance as of October 17, 2018, of $236,436.15 secured by a first deed of trust on the real property located at 12000 Market Street, Suite 377, Reston, Fairfax County, Virginia ("Market").

The Debtor will retain the Property and the allowed secured claim will paid by amortizing the secured amount over 30 years with interest at the rate of Two (2%). The monthly payment will be approximately $927 for 30 years. If not sooner paid, any remaining balance shall be due in full thirty (30) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall

retain all the liens securing its Allowed Claim pursuant to the underlying loan documents.

This claim is impaired.

**Section 3.11**. *Class-11-Secured Claim of Ocwen Loan Servicing LLC* ("Ocwen"). Ocwen is the holder of a promissory note in the original principal sum of $98,029 with an outstanding balance as of October 17, 2018, of $96,956.44 secured by a first deed of trust on the real property located at 7813 Enola Street, Unit 107, McLean, Fairfax County, Virginia ("Enola").

The Debtor will retain Enola and the allowed secured claim will paid by amortizing the secured amount over 40 years with interest at the rate of Four and one percent (4.10%). The monthly payment will be approximately $415.82 for 40 years. If not sooner paid, any remaining balance shall be due in full Twenty-five (25) years from the Effective Date of the order confirming the plan of reorganization.

Except as modified herein, the original loan documents shall remain in full force and effect. Until this Creditor has been paid the full amount of its Allowed Secured Claim, it shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan documents.

This class is impaired.

**Section 3.12.** *Class 12–Secured Claim of Mr. Cooper* ("MC"). MC is the holder of a promissory note in the original principal sum of $299,500 with an outstanding balance as of Octber, 18, 2018 of $185,007.11 secured by a **first deed** of trust on the Debtor's residence located at 13901 Hydrangea Court, Woodbridge Virginia (the "Residence"). The Debtor will retain the Residence and continue to pay the monthly payments as they become due. The Debtor is current on this obligation.

Until this Creditor has been paid the full amount of its Allowed Secured Claim, it

shall retain all of the liens securing its Allowed Claim pursuant to the underlying loan

documents.

MC alleges that the debtor is delinquent in payments in the sum of $6,126. The debtor

disputes this amount. If the parties are unable to agree to such an amount, then the debtor will

seek a court determination of any arrearage and it shall be cured over a 60-month period.

This class is not impaired.

**Section 3.13**. *Class- 13–Secured Claim of Bank of America* ("BA"). BA is the holder of a

promissory note in the original principal sum of $242,000 with an outstanding balance as of

May 31, 2018 of $287,409.22 secured by a **second deed** of trust on the Debtor's residence

located at 13901 Hydrangea Court, Woodbridge Virginia (the "Residence"). The Debtor will

retain the Residence and resume the monthly payments as they become due. The Debtor is

delinquent on this obligation and the arrearages of $45,409.77 are part of the outstanding

balance.

The debtor will pay interest only payment on $242,000 at the rate of 2% (Two

Percent) for 7 years and thereafter at 3% (three percent) for 3 years.  Any amount of

arrearage is differed and shall be balloon in 10 years.  If not sooner paid, any remaining

balance shall be due in full ten (10) years from the Effective Date of the order confirming

the plan of reorganization. Until this Creditor has been paid the full amount of its Allowed

Secured Claim, it shall retain all the liens securing its Allowed Claim pursuant to the

underlying loan documents.

This class is not impaired.


**Section 3.13**. *Class 13- Allowed Unsecured Claims*

The following Creditors have general unsecured Claims in this case, in the following

amounts totaling $60,060.

| | | |
|---|---|---|
| Discover Bank (Scheduled and proof of claim) – | ($42) | $564 |
| Branch Banking & Trust Co. (Proof of claim) – | ($71) | 938 |
| Pentagon FCU (Scheduled and proof of claim) - | ($413) | 5,497 |
| Chase Bank (Scheduled and proof of claim)- | ($495) | 6,594 |
| Chase Bank (Scheduled and proof of claim)- | ($796) | 10,617 |
| Merrick Bank | ($3,180) | |
| ASC (Undersecured claim)- | ($2,101) | 28,016 |
| Wells Fargo (Undersecured claim)- | ($17,686) | 235,809 |
| ASC (Undersecured claim)- | ($2,493) | 33,242 |
| Ocwen (Undersecured claim)- | ($4,912) | 65,490 |
| BAC Home Loans Svc LP (Undersecured claim)- | ($3,123) | 41,637 |
| BAC Home Loans Svc LP (Undersecured claim)- | ($183) | 2,445 |
| BAC Home Loans Svc LP (Undersecured claim)- | ($5,284) | 70,451 |
| Chase Mortgage (Undersecured claim)- | ($7,482) | 99,765 |
| BB & T Co. (Undersecured claim)- | ($4,539) | 60,524 |
| INOVA 1 | | $262 |
| INOVA 2 | | $371 |
| AMCB 3 | | $733 |
| AMCB 4 | | $475 |
| NCC- for Fairfax Radialogical Consul PC -5 | | $302 |
| INOVA 6 | | $356 |
| INOVA 7 | | $120 |
| Virginia Hospital Center 8 | | $652 |
| INOVA 9 | | $733 |
| INOVA 10 | | $475 |
| American Anesthesiology 11 | | $299 |

The Debtor will pay all Allowed Unsecured Claims in this class as follows. The Debtor

will pay the Allowed Unsecured Claims of these Creditors Seven and one-half percent

(7.5%) of the amount of each such claim in Ten (10) annual installments of Three quarters

of one percent (0.75%). The first such payment shall be due on the first day of the

13th month following the entry of the order confirming the Plan and annually thereafter.

This class is impaired.

**Section 3.17.** *Class 17–Allowed Interests*. The Allowed Interests of the Debtor shall be satisfied by the reversion from the estate of all property of the Estate that is not sold under this plan. This class is impaired and is conclusively presumed to have rejected the Plan under § 1126(g) of the Code.

## ARTICLE X

### *Default*

The Debtor shall not be considered in default until such time as any payment due under the plan shall be more than thirty (30) days past due.

## ARTICLE XI

### Miscellaneous Provisions

**Section 11.01.** *Notices*. Unless a change of address is filed with the Court and served on all parties in interest, all notices required to be given under t he Plan shall be in writing and shall be mailed as follows:

If to the debtor,

Wahid Azimi
13901 Hydrangea Drive
Woodbridge, VA 22193

With a copy to
Bennett A. Brown
3905 Railroad Avenue, Suite 200N
Fairfax VA 22030

**Section 11.02.** *Governing Law*. Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia without

giving effect to the principles of conflicts of law thereof

**Section 11.03.** *Headings*. The headings of the sections and paragraphs of the Plan are inserted for convenience only and shall not affect the interpretation hereof

**Section 11.04***. Amendments.* The Plan may be altered, amended or modified only by the debtor before, on, or after the Confirmation Date as provided in the Plan or Bankruptcy Code § 1127.

**Section 11.05.** *Provision Unenforceable*. Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision in the Plan is either illegal on its face or illegal as applied to any Claim or Interest, such provision shall be unenforceable as to the holders of Claims or Interests. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan. The debtor reserves the right to modify or amend the Plan, in its sole discretion, in the event of such a determination.

**Section 11.06.** *Revocation, Withdrawal or Amendment*. The debtor reserves the right to withdraw the Plan any time prior to the Confirmation Date. If the debtor withdraws the Plan, or if the Confirmation Date or the Effective Date do not occur, then the Plan shall be deemed null and void, provided however that the debtor shall retain all rights under § 1127 of the Bankruptcy Code to modify the Plan at any time before its substantial consummation.

**Section 11.07**. *Act on Business Day*. Whenever the Plan requires an act to be performed on a day, which is not a Business Day, such act shall be performed on the first Business Day im- mediately following such day.

**Section 11.08**. *Principles of Construction*. The words "herein," "hereof," "hereunder" and other words of similar import refers to the Plan as a whole and not an any particular section, subsection or clause contained in the Plan unless the context requires otherwise. Whenever form

clude the singular and the plural, and pronouns stated in the masculine, feminine or neuter

gender shall include the masculine, feminine and the neuter.

**Dated: December 3, 2018**              **WAHID AZIMI**
                                         **By counsel**


_____  /s/ Bennett A. Brown
Bennett A. Brown,
VSB#12583 Counsel for
debtor
3905N Railroad Avenue, Suite
200 Fairfax, VA  22030
Telephone: 703-591-3500; telefax: 703-591-
2185 e-mail: bennett@pcgalaxy.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this proposed plan of reorganization was or served electronically,

this 3rd day of December 2018, to the following:

Jack I. Frnakel
OFFICE OF THE US TRUSTEE
115 S. Union Street, Suite 210
Alexandria, VA 22314
*Counsel for US Trustee*

/s/ Bennett A. Brown

Bennett A. Brown
*Counsel for debtor*

[26]